UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
:
LAUREN ANDERSEN,                  :
                                  :    ORDER
        Plaintiff,                :    12-CV-1049 (JFB)(ETB)
                                  :
    – against –                   :
                                  :
NORTH SHORE LONG ISLAND JEWISH    :
HEALTHCARE SYSTEM'S ZUCKER        :
HILLSIDE HOSPITAL, et al.,        :
                                  :
        Defendants.               :
                                  :
----------------------------------X

JOSEPH F. BIANCO, District Judge:

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("R & R") from Magistrate Judge Boyle, as well as *pro se* plaintiff's objections to the R & R. The R & R recommended the following: (1) that defendants' motion to dismiss the federal claims be granted; (2) that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims; and (3) that plaintiff's request to remove her identifying information from the docket be denied, but that plaintiff's request to seal documents containing her signature, passport number, and social security number be granted. Magistrate Judge Boyle also recommended *sua sponte* that plaintiff be given an opportunity to file another amended complaint.

Along with her objections to the R&R, plaintiff has also submitted a renewed motion to redact all case documents and proceed anonymously.

For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety, except for the section regarding plaintiff's motion to seal which is modified as detailed in this Order. The Court denies plaintiff's motion to redact all case documents and proceed anonymously, except that plaintiff may submit documents that redact her passport number. The Court will grant leave to re-plead to attempt to correct the pleading defects identified in Magistrate

## I. PROCEDURAL HISTORY

On March 2, 2012, plaintiff filed a complaint against North Shore Long Island Jewish Healthcare System's Zucker Hillside Hospital and numerous individual defendants. Plaintiff submitted an amended complaint on March 12, 2012 and a second amended complaint on May 1, 2012. On May 14, 2012, defendants filed a motion to dismiss. On June 6, 2012, plaintiff filed her opposition to the motion to dismiss, and defendants replied on June 29, 2012.

On June 6, 2012, plaintiff also filed a motion to amend her complaint. On June 15, 2012, the Court ordered that any response to plaintiff's June 6, 2012 motion to amend would be stayed pending the Court's review of the current motion to dismiss. On July 12, 2012, the Court referred the motion to dismiss to Magistrate Judge Boyle for a Report and Recommendation.

On August 7, 2012, plaintiff sent a letter to the *pro se* department requesting that the Court remove her personal identifying information from the documents in this case. The Court treated this letter as a motion to seal, and on August 9, 2012, referred this motion to Magistrate Judge Boyle.

On January 23, 2012, Magistrate Judge Boyle issued a R&R recommending that plaintiff's federal claims be dismissed, and that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims. Magistrate Judge Boyle also *recomm*ended that plaintiff be denied her request to remove her identifying information from the docket, but that documents containing plaintiff's signature, passport number, and social security number be sealed. The R&R also recommended *sua sponte* that plaintiff be given an opportunity to amend her complaint. On February 8, 2012, plaintiff submitted her objections to the R&R and also filed a renewed motion to redact all court documents and to proceed anonymously.

## II. STANDARD OF REVIEW

When a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo*

standard of review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). Where clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). However, because the failure to file timely objections is not jurisdictional, the district judge can still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Arn*, 474 U.S. at 155)).

### III. ANALYSIS

#### A. MOTION TO DISMISS

Plaintiff offers numerous objections to the R&R. She details factual statements that she believes are inaccurate and conclusions of law that she believes are incorrect. A significant portion of plaintiff's submission details how she would amend her complaint, including additional factual details that would be included and a lengthy recitation of additional parties that would be added and why those parties are liable for their actions.

3

Having reviewed the entire R&R *de novo*, and having considered all of plaintiff's objections, the Court adopts the R&R in its entirety regarding the motion to dismiss. In her objections, plaintiff has failed to provide any persuasive argument as to why the thorough analysis in the R&R is incorrect. Accordingly, defendants' motion to dismiss is granted. Plaintiff's federal claims are dismissed, and the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006). However, as discussed *infra* and as recommended by Magistrate Judge Boyle, plaintiff will be given an opportunity to amend her complaint to address the issues raised in her objections.

## B. MOTION TO PROCEED ANONYMOUSLY AND REDACT ALL DOCUMENTS

On August 7, 2012, plaintiff sent a letter to the *pro se* department requesting that all documents related to her case that contain identifying information be removed because plaintiff was allegedly contacted by an individual regarding the case. On August 9, 2012, the Court interpreted this letter as a motion to seal and referred the motion to Magistrate Judge Boyle. The R&R recommended that the request to seal all documents with identifying information be denied, but that documents containing plaintiff's signature, passport number, and social security number be sealed.

On February 8, 2013, plaintiff filed a renewed motion to proceed anonymously and redact all case documents. Plaintiff argues that she should be able to use a pseudonym because (1) the Court documents reveal plaintiff's history of sexual abuse and mental health problems, (2) plaintiff fears that her identity may be stolen, and (3) plaintiff fears that she may be the subject of retaliation. Plaintiff states that she did not proceed anonymously originally because she did not understand the implications and intricacies of the law as a *pro se* plaintiff.

While there is a presumption of open judicial proceedings in which litigants must reveal their identities, "[i]t is within a court's discretion to allow a plaintiff to proceed anonymously." *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996). In "determining whether a plaintiff may be allowed

4

to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). The Second Circuit has detailed a non-exhaustive list of factors for a court to consider when making this determination:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190-91. (internal citations, quotation marks, and alterations omitted).

Balancing all of these factors, the Court holds that plaintiff's motion to proceed anonymously is denied. Specifically, while some aspects of this litigation concerns matters of an extremely personal nature, plaintiff has already proceeded under her given name for almost a year. Plaintiff has

5

also stated in public court documents that a book published under a pseudonym details her experiences. *See Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006) ("[T]he plaintiff's interest in anonymity is weaker where anonymity has already been compromised."). Plaintiff has failed to explain how proceeding publicly will further harm her mental health since this information has already been publicly available for so long, including in a book. The Court has also considered that, even if defendants may not be significantly prejudiced by plaintiff's use of a pseudonym, plaintiff's generalized, unsubstantiated fears of retaliation and identity theft are insufficient to support allowing her to proceed anonymously. *See Shakur*, 164 F.R.D. at 362 (holding that plaintiff may not proceed anonymously in part because she failed to provide any details regarding alleged death threats).

Therefore, considering all of the factors enumerated by the Second Circuit, especially those detailed above, the Court denies plaintiff's motion to proceed anonymously. However, the Court will allow plaintiff to substitute her home address for the business address she has submitted.

Plaintiff also requests that the Court redact all case documents containing sensitive information, such as her signature and her passport number.[1] "There is a long-established common law right of public access to 'judicial documents' . . . ." *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 620-21 (S.D.N.Y. 2011). In determining whether documents should be sealed, a court must determine whether a document is a "judicial document"; if it is, the court must "determine the weight of the presumption of access" and "'balance competing considerations against.'" *Id.* at 621-22 (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006)).

The documents that plaintiff wishes to redact are clearly judicial documents. The weight of presumption of access to these key court documents is significant, and the competing considerations are minimal in light of the Court's decision denying plaintiff's motion to proceed anonymously. Moreover, there is simply no basis to seal all documents containing plaintiff's signature. Similarly,

---

[1] Plaintiff notes that no documents contain her social security number.

there is no basis for plaintiff's signature to be redacted. As noted in connection with the denial of plaintiff's motion to proceed anonymously, a generalized fear of identity theft is insufficient to warrant sealing or redacting court documents with plaintiff's signature.

However, the Court will allow plaintiff to substitute current court filings that contain her passport number with documents that redact her passport number.

### C. LEAVE TO REPLEAD

Magistrate Judge Boyle recommended *sua sponte* that plaintiff be given an opportunity to replead and file an amended complaint. The Court agrees and adopts the R&R in its entirety regarding leave to replead. "[A] *pro se* complaint is to be read liberally . . . [and a] court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999). Because the Court agrees that it may be possible for plaintiff to cure the defects in her complaint, plaintiff will have an opportunity to amend her complaint one final time.

IT IS HEREBY ORDERED that the parties participate in a telephone conference on March 20, 2013 at 1:30 p.m. to discuss plaintiff's amended complaint. At that time, counsel for defendants shall initiate the call, and once all parties are on the line, shall contact chambers at 631-712-5670. Plaintiff is directed not to file her fourth amended complaint until after that phone conference.

### IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Court adopts the R&R in its entirety regarding the motion to dismiss and leave to replead. Accordingly, plaintiff's federal claims are dismissed, and the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. Plaintiff is granted leave to amend her complaint.

IT IS FURTHER ORDERED that the R&R is modified regarding plaintiff's motion to seal, and that plaintiff's renewed motion to seal all documents and proceed anonymously is denied. Documents containing plaintiff's signature will not be sealed, but documents containing plaintiff's

7

passport number may be resubmitted in redacted form. Plaintiff may substitute her home address for a different address on the docket.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 1, 2013
Central Islip, New York