UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LAUREN ANDERSEN,

    Plaintiff,

– against –

NORTH SHORE LONG ISLAND JEWISH
HEALTHCARE SYSTEM'S ZUCKER
HILLSIDE HOSPITAL, et al.,

    Defendants.
----------------------------------X

ORDER
12-CV-1049 (JFB)(ETB)

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Lindsay, advising the Court to grant the following defendants' motions to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6): (1) North Shore Long Island Jewish Healthcare System's Zucker Hillside Hospital, Joseph M. Schulman, Dr. Alan J. Mendelowitz, Dr. Paul Pankal, Dr. Lyudmila Karlin, Dr. Harsimran Brar, Dr. Lauren Hanna, Nurse Catherine Ames, Nurse Soosamma Kompancaril, Nurse Abraham Lopez, and Psychologist Shveta Mittal (collectively, the "Hillside Defendants"); (2) United Health Group, Inc. ("United"); and (3) the City of New York. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety, and dismisses the plaintiff's claims against those defendants with prejudice.

## I. PROCEDURAL HISTORY

On March 2, 2012, plaintiff filed a complaint against North Shore Long Island Jewish Healthcare System's Zucker Hillside Hospital ("Hospital") and numerous individual defendants, bringing various claims arising out of her alleged involuntary admission to the Hospital on June 12,

2011 and commitment for a period of eighteen days. Plaintiff has since amended the complaint four times.

Plaintiff filed her Third Amended Complaint on March 29, 2013. On June 21, 2013, plaintiff filed a motion to withdraw the Third Amended Complaint and substitute a revised Third Amended Complaint. Defendants filed motions to dismiss the Third Amended Complaint, and this Court referred those motions to Magistrate Judge Lindsay. By R&R issued on February 12, 2014, Judge Lindsay recommended that defendants' motions be granted and plaintiff's motion for leave to amend her complaint be denied. (Docket Entry 168.) Plaintiff retained counsel shortly thereafter and counsel conveyed to the Court that plaintiff would not oppose adopting the R&R if plaintiff were granted leave to amend the complaint. By Order dated March 13, 2014, this Court adopted the R&R and granted the defendants' motions to dismiss, but also granted plaintiff leave to amend. (Docket Entry 174.)

Plaintiff filed her Fourth Amended Complaint on April 14, 2014. (Docket Entry 176.) In the Complaint, plaintiff continues to assert claims against the Hillside Defendants, but dropped the New York State parties and Michael Bloomberg as defendants, and added the City of New York and United as defendants. Hillside Defendants and the City of New York separately moved to dismiss the Fourth Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) on May 9, 2014. United moved to dismiss on August 8, 2014. (Docket Entries 179, 183, and 195.) By order dated September 30, 2014, this Court referred the motions to dismiss to Magistrate Judge Lindsay for a R&R. (Docket Entry 199.)

On January 12, 2015, Magistrate Judge Lindsay issued an R&R, recommending that all of the motions to dismiss be granted. (R&R, dated January 12, 2015.) The R&R further instructed that

any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*Id.* at 27.) Plaintiff filed her objections to the R&R on January 26, 2015. All defendants filed responses to the plaintiff's objections: the City of New York on January 30, 2015; the Hillside Defendants on February 9, 2015; and United on February 9, 2015. (Docket Entries 203-05.)

## II. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## III. ANALYSIS

### A. MAGISTRATE JUDGE LINDSAY'S R&R

In her R&R, Magistrate Judge Lindsay recommends that the Court grant the Hillside Defendants, the City of New York, and United's motions for dismissal under Federal Rule of Civil Procedure 12(b)(6). Specifically, for the Hillside Defendants, Magistrate Judge Lindsay finds dismissal of all claims warranted on the following grounds: (1) plaintiff fails to allege requisite state action by the private defendants to support her 42 U.S.C. § 1983 claim; (2) plaintiff did not plead sufficient facts to demonstrate a conspiracy between the Hillside Defendants and the Port Authority Police and EMS, or to suggest that defendants were motivated by racial or other class-based animus to support her claim under 42 U.S.C. § 1985 (and beyond that, the claim is likely waived because plaintiff neglected to address it in her opposition papers); (3) plaintiff fails to establish a plausible claim of discrimination based upon her psychiatric and physical disabilities to support her claims under both Title III of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act; (4) plaintiff's Health Insurance Portability and Accountability Act ("HIPAA") claims should be dismissed because they include the same verbatim allegations that were dismissed in the Third Amended Complaint, and plaintiff has conceded that there is no private right of action under HIPAA; and (5) the Court should decline to exercise supplemental jurisdiction over the plaintiff's remaining state law claims. (R&R, dated January 12, 2015, at 7-23.)

Magistrate Judge Lindsay recommends dismissal of the Section 1983 claim against United, on the grounds that plaintiff fails to plead sufficient facts to demonstrate state action by United, or a conspiracy between United and a state actor, especially given that the Magistrate Judge Lindsay already concluded that were no allegations in the complaint plausibly suggesting that Hillside

4

Defendants were state actors. Accordingly, having recommended dismissal of the federal claims against United, Judge Lindsay advised the Court to decline to exercise supplemental jurisdiction over the state law claims against United. (*Id.* at 24-25.)

Finally, Magistrate Judge Lindsay recommends that the Court dismiss the plaintiff's Section 1983 *Monell* claim against the City of New York, which alleges that members of the New York City Police Department failed to investigate her alleged mistreatment while at the Hospital. Judge Lindsay found that plaintiff set forth no facts supporting a plausible municipal policy, custom or usage that violated her constitutional rights. (*Id.* at 26-27.)

## B. PLAINTIFF'S OBJECTIONS

Plaintiff filed timely objections to the R&R on the grounds that Magistrate Judge Lindsay "erred in finding that Plaintiff failed to allege the requisite 'state action' and recommending that her 42 U.S.C. § 1983, Title II of the ADA and § 504 of the Rehabilitation Act claims be dismissed." (Objections, dated January 26, 2015, at 2.) Notably, plaintiff's objections only address Magistrate Judge Lindsay's recommendations regarding those two claims against the Hillside Defendants. Plaintiff files no objections with respect to the portions of the R&R that deal with the other claims against the Hillside Defendants, or the claims against United and the City of New York. In any event, the Court has conducted *de novo* review of the entire R&R and adopts the R&R in its entirety.

### 1. Section 1983 Claim against Hillside Defendants

With respect to her Section 1983 claim against the Hillside Defendants, plaintiff objects to Magistrate Judge Lindsay's finding that she failed to plead sufficient facts to plausibly allege that the Hillside Defendants are state actors. In large part, plaintiff repeats the arguments set forth in her briefing papers, maintaining that the Hillside Defendants are state actors because they assumed a

public function by "determining whether Plaintiff should be involuntarily committed and forcibly medicated" – when she alleges she was not a threat to herself or others – without providing her with a State-supervised judicial hearing. (Objections, dated January 26, 2015, at 9.) She also claims that Magistrate Judge Lindsay did not give sufficient weight to New York case *Rivers v. Katz*, 67 N.Y.2d 485 (1986), and misconstrued the relevance of *Doe v. Rosenberg*, 166 F.3d 507 (2d Cir. 1999).

Having reviewed plaintiffs objections, the relevant law, and the R&R, the Court agrees with Magistrate Judge Lindsay's conclusion that "involuntary confinement has traditionally been a private remedy and thus is not a public function . . . [and that plaintiff has made] . . . no allegations in [this case] to justify bringing this action." (R&R, dated January 12, 2015, at 13.) Furthermore, as Magistrate Judge Lindsay points out, even if the plaintiff's allegations were true (namely, "that the Hospital improperly committed her because the requirements of New York's Mental Hygiene Law – that a doctor certify that Plaintiff is a danger to herself or others – were not met in this case"), plaintiff still fails to allege "how this transforms the Hospital's private conduct in involuntarily committing her . . . to a function traditionally performed by the state." (*Id.* at 13-14). As such, the Court fully adopts Magistrate Judge Lindsay's recommendation regarding the plaintiff's Section 1983 claim against the Hillside Defendants.

### 2. ADA and Rehabilitation Act Claims against Hillside Defendants

Plaintiff also objects to Magistrate Judge Lindsay's findings with respect to her claims under Title III of the ADA and Section 504 of the Rehabilitation Act. Plaintiff asserts that the Hospital's "refusal to provide accommodations for Plaintiff's treatment request (access to emergency services to evaluation her back for potential injury) was based on Plaintiff's alleged mental illness." (Objections, dated January 26, 2015, at 14.) Plaintiff disputes Judge Lindsay's conclusion that

"plaintiff fails to allege that she was treated differently *because of* her alleged disability" and that her allegations regarding "the adequacy of the services she received . . . are insufficient to state a claim for discrimination under either statute." (R&R, dated January 12, 2015, at 20.) Plaintiff maintains that the Hillside Defendants' "denial of reasonable inquiry into Plaintiff's valid injury, accommodations, without any demonstration of genuine concern, was due to the fact that Hospital personnel assumed Plaintiff, because of her mental [illness], was fabricating the complaint" and "simply because they tend to treat involuntarily committed patients as less deserving of quality care than voluntary and medical ward patients." (Objections, dated January 26, 2015, at 16.)

However, upon review, the Court agrees with Judge Lindsay's finding that plaintiff fails to "provide any specific allegations in the Fourth Amended Complaint that would permit a plausible inference that Plaintiff has suffered from disability discrimination." (R&R, dated January 12, 2015, at 20.) Though plaintiff asserts that the Hillside Defendants "sterotyp[ed] Plaintiff as not credible based on her alleged mental illness[ ]" and as a result "den[ied] her request for reasonable and necessary accommodations" (Objections, dated January 26, 2015, at 17), plaintiff fails to allege any facts indicating that she was treated differently because of any disability. As a result, plaintiff's assertions in her Fourth Amended Complaint, briefing papers, and Objections are speculative at best. The Court also notes that plaintiff's disability claims were copied nearly verbatim from those asserted in the Third Amended Complaint, which this Court previously dismissed for failing to establish a plausible claim of discrimination. (Docket Entry 168.)

The Court notes the plaintiff also objects to the R&R on the grounds that Judge Lindsay "failed to acknowledge the Complaint's allegations pertaining to discrimination against Plaintiff based on her gender, race, age, body habitus, and political views." (Objections, dated January 26,

2015, at 19.) However, similar to her disability discrimination claims, the Court finds that plaintiff also fails to make any plausible allegations demonstrating that the quality of treatment she received resulted from discrimination based on any other protective status.

Accordingly, the Court adopts Magistrate Judge Lindsay's recommendation and dismisses the plaintiff's ADA and Rehabilitation Act claims against the Hillside Defendants, because plaintiff fails to set forth a plausible claim of discrimination.

### 3. Remaining Claims

Plaintiff does not file any objections to Magistrate Judge Lindsay's recommendations regarding the 42 U.S.C. § 1985 conspiracy claim and the other federal claims against the Hillside Defendants, the claims against United, and the claims against the City of New York, and thus *de novo* review of these claims is not required. However, the Court has conducted a *de novo* review of the full R&R in an abundance of caution and HEREBY ADOPTS the well-reasoned and thorough R&R in its entirety with respect to these remaining claims.

### C. LEAVE TO REPLEAD

Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Thus, in dismissing plaintiff's claims, the Court has considered whether to dismiss with or without prejudice. However, as stated *supra*, the Court declines to provide plaintiff with an opportunity to re-plead and dismisses the claims with prejudice for two reasons.

First, plaintiff has not requested an opportunity to re-plead, and has failed to explain how any amendment could possibly state a plausible legal claim. Thus, the Court declines to grant leave to re-plead. *See, e.g., Ackermann v. Doyle*, 43 F. Supp. 2d 265, 275 (E.D.N.Y. 1999) ("[T]he Court

2015, at 19.) However, similar to her disability discrimination claims, the Court finds that plaintiff also fails to make any plausible allegations demonstrating that the quality of treatment she received resulted from discrimination based on any other protective status.

Accordingly, the Court adopts Magistrate Judge Lindsay's recommendation and dismisses the plaintiff's ADA and Rehabilitation Act claims against the Hillside Defendants, because plaintiff fails to set forth a plausible claim of discrimination.

### 3. Remaining Claims

Plaintiff does not file any objections to Magistrate Judge Lindsay's recommendations regarding the 42 U.S.C. § 1985 conspiracy claim and the other federal claims against the Hillside Defendants, the claims against United, and the claims against the City of New York, and thus *de novo* review of these claims is not required. However, the Court has conducted a *de novo* review of the full R&R in an abundance of caution and HEREBY ADOPTS the well-reasoned and thorough R&R in its entirety with respect to these remaining claims.

### C. LEAVE TO REPLEAD

Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Thus, in dismissing plaintiff's claims, the Court has considered whether to dismiss with or without prejudice. However, as stated *supra*, the Court declines to provide plaintiff with an opportunity to re-plead and dismisses the claims with prejudice for two reasons.

First, plaintiff has not requested an opportunity to re-plead, and has failed to explain how any amendment could possibly state a plausible legal claim. Thus, the Court declines to grant leave to re-plead. *See, e.g., Ackermann v. Doyle*, 43 F. Supp. 2d 265, 275 (E.D.N.Y. 1999) ("[T]he Court

2015, at 19.) However, similar to her disability discrimination claims, the Court finds that plaintiff also fails to make any plausible allegations demonstrating that the quality of treatment she received resulted from discrimination based on any other protective status.

Accordingly, the Court adopts Magistrate Judge Lindsay's recommendation and dismisses the plaintiff's ADA and Rehabilitation Act claims against the Hillside Defendants, because plaintiff fails to set forth a plausible claim of discrimination.

### 3. Remaining Claims

Plaintiff does not file any objections to Magistrate Judge Lindsay's recommendations regarding the 42 U.S.C. § 1985 conspiracy claim and the other federal claims against the Hillside Defendants, the claims against United, and the claims against the City of New York, and thus *de novo* review of these claims is not required. However, the Court has conducted a *de novo* review of the full R&R in an abundance of caution and HEREBY ADOPTS the well-reasoned and thorough R&R in its entirety with respect to these remaining claims.

### C. LEAVE TO REPLEAD

Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Thus, in dismissing plaintiff's claims, the Court has considered whether to dismiss with or without prejudice. However, as stated *supra*, the Court declines to provide plaintiff with an opportunity to re-plead and dismisses the claims with prejudice for two reasons.

First, plaintiff has not requested an opportunity to re-plead, and has failed to explain how any amendment could possibly state a plausible legal claim. Thus, the Court declines to grant leave to re-plead. *See, e.g., Ackermann v. Doyle*, 43 F. Supp. 2d 265, 275 (E.D.N.Y. 1999) ("[T]he Court

2015, at 19.) However, similar to her disability discrimination claims, the Court finds that plaintiff also fails to make any plausible allegations demonstrating that the quality of treatment she received resulted from discrimination based on any other protective status.

Accordingly, the Court adopts Magistrate Judge Lindsay's recommendation and dismisses the plaintiff's ADA and Rehabilitation Act claims against the Hillside Defendants, because plaintiff fails to set forth a plausible claim of discrimination.

### 3. Remaining Claims

Plaintiff does not file any objections to Magistrate Judge Lindsay's recommendations regarding the 42 U.S.C. § 1985 conspiracy claim and the other federal claims against the Hillside Defendants, the claims against United, and the claims against the City of New York, and thus *de novo* review of these claims is not required. However, the Court has conducted a *de novo* review of the full R&R in an abundance of caution and HEREBY ADOPTS the well-reasoned and thorough R&R in its entirety with respect to these remaining claims.

### C. LEAVE TO REPLEAD

Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Thus, in dismissing plaintiff's claims, the Court has considered whether to dismiss with or without prejudice. However, as stated *supra*, the Court declines to provide plaintiff with an opportunity to re-plead and dismisses the claims with prejudice for two reasons.

First, plaintiff has not requested an opportunity to re-plead, and has failed to explain how any amendment could possibly state a plausible legal claim. Thus, the Court declines to grant leave to re-plead. *See, e.g., Ackermann v. Doyle*, 43 F. Supp. 2d 265, 275 (E.D.N.Y. 1999) ("[T]he Court

is unable to discern a viable cause of action from the complaint, and the plaintiff did not request leave to replead. The Court declines to *sua sponte* afford the plaintiff leave to amend on the ground of futility. In the Court's view, granting leave to amend would be unproductive and dismissal with prejudice is appropriate.")

Second, plaintiff has been given ample opportunity to allege a claim – in fact, this is the plaintiff's Fourth Amended Complaint – and has failed to do so. In the March 13, 2014 Memorandum and Order, dismissing the Third Amended Complaint, the Court identified various pleading defects, but granted plaintiff one more opportunity to amend given that plaintiff was newly represented and her counsel "expressed his intention to narrow the complaint and bring the amended complaint against fewer defendants." (Docket Entry 174 at 2.) However, in the Fourth Amended Complaint filed after the Court's decision, plaintiff failed to cure those pleading defects, and repeated certain claims contained in the prior complaint verbatim. Under these circumstances, the Court declines to grant plaintiff yet another opportunity. *See De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 72 (2d Cir. 1996) (noting that the Second Circuit has "upheld decisions to dismiss a complaint without leave to replead when a party has been given ample prior opportunity to allege a claim" (citing *Armstrong v. McAlpin*, 699 F.2d 79, 93-94 (2d Cir. 1983)).

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Court adopts the R&R in its entirety. Accordingly, the defendants' motions to dismiss the Fourth Amended Complaint are granted. Plaintiff's federal claims against the Hillside Defendants, United, and the City of New York are dismissed with prejudice, and the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383

U.S. 715, 726 (1966); *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006). The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 26, 2015
Central Islip, New York